IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GORDON LEASE,

      Plaintiff,

vs.                                                                                                                         No. CIV 23-0517 JB/LF

BOARD OF COUNTY COMMISSIONERS,
Bernalillo County; METROPOLITAN
DETENTION CENTER; JASON JONES,
Chief, Metropolitan Detention Center;
SERGIO SAPIEN, Assistant Chief,
Metropolitan Detention Center; CITY OF
ALBUQUERQUE and TIM KELLER,
Mayor, City of Albuquerque,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his civil rights case. Plaintiff commenced this case by filing his Letter from Gordon Lease to United States Court Clerk (dated June 3, 2023), filed June 15, 2023 (Doc. 1)("Letter"), indicating he wished to file a 42 U.S.C. § 1983 civil rights complaint. On June 15, 2023, the Clerk's Office sent Lease a blank § 1983 complaint and motion to proceed in forma pauperis. The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Cure Deficiencies, filed October 23, 2023 (Doc. 3)("Cure Order"), requiring Lease to return the completed complaint and address the filing fee by November 22, 2023. See Cure Order at 1. A copy of the Cure Order mailed to Lease at his address of record was returned as undeliverable on November 6, 2023. See Returned Mail, filed November 6, 2023 (Doc. 4). Lease has not responded to the Cure Order, nor has he provided an updated address. Having reviewed applicable law and the record, the Court dismisses this case without prejudice.

**BACKGROUND**

Lease commenced this case on June 15, 2023, by filing his Letter indicating he wished to file a 42 U.S.C. § 1983 civil rights complaint. See Letter at 1. On June 15, 2023, the Clerk's Office sent Lease a blank § 1983 complaint and motion to proceed in forma pauperis. The Court referred the matter to Magistrate Judge Fashing for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, entered July 5, 2023 (Doc. 2).

Magistrate Judge Fashing entered the Cure Order on October 23, 2023, setting a thirty-day deadline by which Lease must return the completed complaint and prepay the filing fee, or file an application to proceed in forma pauperis. See Cure Order at 1. Lease has not complied with or otherwise responded to the Cure Order and the deadline within which he must comply has now passed. The Court will therefore consider whether to dismiss this matter for lack of prosecution and failure to comply with rules and orders.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule

41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. See Nasious, 492 F.3d at 1162.

Here, Lease has not filed a complaint or addressed the filing fee. In light of this failure, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious, the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's civil rights case, commenced by the Letter (dated June 3, 2023), filed June 15, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will

enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Gordon Lease
Albuquerque, New Mexico

    *Petitioner pro se*